# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAULA M. PAGLIARONI,

        Plaintiff,

        v.                                    CASE NO. 04-C-1213

DAIMLER CHRYSLER CORPORATION,

        Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On December 20, 2004, Paula M. Pagliaroni ("Pagliaroni") filed a complaint against her former employer, Daimler Chrysler Corporation ("DC"), alleging that DC failed to comply with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq. This case was randomly assigned to this court and all parties have consented to the full jurisdiction of a magistrate judge.

On January 31, 2006, after a period of discovery, DC filed a motion for summary judgment. On September 15, 2006, this court granted in part and denied in part DC's motion for summary judgment. Summary judgment was denied as to Pagliaroni's allegation that DC retaliated against her by terminating her; however, summary judgment was granted as to all of Pagliaroni's other allegations of retaliation. Summary judgment was also granted as to Pagliaroni's constructive discharge claim. Finally, DC's motion for summary judgment was denied as to DC's argument that Pagliaroni waived claims by omitting them from her ERD complaint.

On October 3, 2006, Pagliaroni filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) regarding this court's granting DC's motion for summary judgment as to

Pagiaroni's claims of constructive discharge. DC has responded and the pleadings on the plaintiff's motion are now closed and the matter is ready for resolution.

A motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) is not a mechanism by which a party may present issues already argued and determined by the court. In other words, a motion for reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." First Nat. Bank in Manitowoc v. Cincinnati Ins. Co., 321 F. Supp. 2d 988, 992 (E.D. Wis. 2004). To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). A manifest error is not demonstrated by the disappointment of the losing party. Rather, manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Id.

Pagliaroni alleges that she was constructively discharged because on one day in May, 2004, DC required her to temporarily work in a department in which her doctor told her not to work. While working in this department, Pagliaroni began to experience an allergic reaction, as she had frequently experienced while previously working in this area. Pagliaroni feared that DC would continue to require her to work at this department and she feared she might die from an allergic reaction.

This court granted DC's motion for summary judgment as to Pagliaroni's constructive discharge claim because Pagliaroni failed to set forth any evidence to indicate that the facts that she alleges led to her constructive discharge exceeded ordinary discrimination that formed the basis for her other claims. (Order at 15, Sept. 15, 2006.)

Pagliaroni argues that summary judgment was inappropriately granted because the question of constructive discharge is a factual matter that must be resolved at trial by the finder of fact. Additionally, Pagliaroni attempts to factually distinguish two cases cited by the court in its decision.

However, the court was not relying upon Rooney v. Koch Air, LLC, 410 F.3d 376, 383 (7th Cir. 2005), and Perry v. Harris Chernin, Inc., 126 F.3d 1010, 1015 (7th Cir. 1997), for any factual similarity, but rather for the points of law set forth by the Seventh Circuit regarding what constitutes constructive discharge. Pagliaroni does not contend that this court misunderstood the current law when it held that a plaintiff must demonstrate that the discrimination was so intolerable that resignation was an appropriate response in order to be entitled to relief on a claim of constructive discharge. See Rooney, 410 F.3d at 383 (citing Pennsylvania State Police v. Suders, 542 U.S. 129 (2004); McPherson v. City of Waukegan, 379 F.3d 430, 440 (7th Cir. 2004)). Rather, she argues that the facts of her case satisfy the required legal standard for constructive discharge.

Pagliaroni attempts to analogize the facts of her case to those presented in Taylor v. Western & Southern Life Ins. Co., 966 F.2d 1188, 1191 (7th Cir. 1992) and Brooms v. Regal Tube Co., 881 F.2d 412, 417 (7th Cir. 1989). Although these cases are factually similar to the present case in that the plaintiffs, like Pagliaroni, all feared death, this is where the factual similarities end. In Taylor, the defendant held a gun to the plaintiff's head and took a photograph. The following week, the photograph was passed around at an office staff meeting, at which point the defendant said, "This is what a nigger looks like with a gun to his head." 966 F.2d at 1191.

In Brooms, the plaintiff was repeatedly exposed to racist pornography. 881 F.2d at 417. In one incident, the defendant showed the plaintiff a racist pornographic picture involving bestiality. Id. The defendant then threatened that the picture depicted how the plaintiff "was going to end up." Id. The defendant then grabbed the plaintiff by her arm and threatened to kill her if she moved. Id. The plaintiff escaped by throwing coffee at the defendant. Id. The plaintiff ran away screaming and fell down a flight of stairs as she fled. Id.

These cases are readily distinguishable. Pagliaroni does not allege that she feared that she would be killed if she refused to work in the department that DC sought to temporarily assign her.

3

In Taylor and Brooms, the plaintiffs reasonably feared imminent death or great bodily harm if either spoke up and asserted their right to work in an environment free from discrimination. That is not at all the situation in Pagliaroni's case; in fact, precisely the opposite is true.

It was only by Pagliaroni's failure to stand firm and assert what she believed to be her legal entitlements that her life was potentially endangered. If Pagliaroni had held firm, supported by her doctor's report, and refused the temporary reassignment, she may not have been put at risk, even temporarily. Understandably, Pagliaroni may have been reluctant to assert these rights because she feared the loss of her job but that was not what motivated the plaintiffs' silence in Taylor and Brooms.

The Seventh Circuit makes clear that an employee must continue working and assert her right to be free from discrimination if it is at all possible to do so. It was possible for Pagliaroni to do so in the present case. In no way does Pagliaroni allege, and there is no evidence to support, that she feared that DC would have killed her had she refused to work in a particular department. She says her continued forced working in the restricted department would kill her. Therefore, had she refused to work even temporarily, at worst, DC may have chosen to terminate Pagliaroni. Had this occurred, her claims would include retaliation based on such termination. However, choosing not to speak up out of a fear of termination is quite different from the fear that might have been reasonably experienced by either of the plaintiffs in the Taylor or Brooms cases. In this case, plaintiff's fear of termination does not constitute constructive discharge as a matter of law.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration is **denied**.

Dated at Milwaukee, Wisconsin, this 15th day of November, 2006.

s/AARON E. GOODSTEIN<br>United States Magistrate Judge